## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

EVELYN CAMPBELL,

      **Plaintiff,**

**v.**                                **CASE NO.: CV-13-604**

**BRADLEY FINANCIAL GROUP**

      **Defendant.**

### COMPLAINT

**COMES NOW** Plaintiff, Evelyn Campbell, (hereafter "Plaintiff") by counsel, and for her

Complaint against the Defendant, alleges as follows:

### PRELIMINARY STATEMENT

This is an action for actual, statutory and punitive damages, costs and attorney's fees brought

pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, and Alabama common

law arising from unlawful actions taken by Defendant against in connection with a debt which she does not

owe.

### JURISDICTION

1.     This action includes claims which arise under the statutes of the United States and this

Court's jurisdiction is conferred by 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and 28 U.S.C. 1367. This

action also includes state law claims as to which this Court has pendant jurisdiction.

### PARTIES

2.     The Plaintiff is a natural person and resident of the Mobile County, Alabama. She is a

3.     Defendant Bradley Financial Group ("Bradley"), is a corporation formed outside the State of Alabama and has its principal place of business in Georgia.  Bradley is a  "debt collector" as defined by the 15 U.S.C. § 1692a(6).

## FACTS

4.     In 2009 Ms Campbell obtained a two pay day loans: one with a lender called Fox Enterprises and the other with Magnumz, LLC, dba the "Debt doctor."

5.     Shortly after obtaining the loans, Plaintiff paid the lenders what she believed to be all that was owed on both loans.  However, she was subsequently contacted by third party debt collectors seeking to collect additional sums allegedly owed on each of the loans.  Jones and Associates, a debt collection firm in Jacksonville, Florida, contacted her in connection with the Fox Enterprises loan.  Sieger, Ross and Aguire, LLC, a collection firm out of Cheektowaga, New York, contacted Plaintiff about the Magnumz loan.

6.     In order to avoid any further collection efforts, Plaintiff paid the amounts the debt collectors claimed were owed on each of the loans.  Both of those firms confirmed the payment by letters stating that the debt had been paid in full.

7.     The letter from Jones and Associates regarding the Fox Enterprises loan was dated April 13, 2011 and confirmed that the obligations owed to Fox Enterprises had been "paid in full," and that Plaintiff was "released from any further financial and/or contractual obligations" regarding that loan.  Despite that letter, Ms Campbell was subsequently contacted by another debt collector seeking to collect amounts allegedly owned on the same loan.  This debt collector was Francis, Edwards and Associates, LLC, out of Hamburg, New York.  Ms Campbell forwarded the April 13, 2011 letter from Jones and Associates to Francis, Edwards and Associates, LLC.  In response,

2

Francis, Edwards and Associates, LLC wrote Ms Campbell on August 22, 2011 confirming that the account "is considered pain in full." The letter also stated that any information reported to credit bureaus would be updated.

8.      On October 21, 2011, Sieger, Ross and Aguire, LLC confirmed by letter that the Magnumz debt wrote Ms Campbell a letter confirming that the account has been "paid in full." That letter also stated that information reported to credit bureaus will be updated to reflect the payment of a debt in full.

9.      After receipt of these letters, Ms Campbell considered the matter closed. However, Ms Campbell continued to receive collection calls and letters from various debt collectors seeking to collect the debt which she had already paid in full.

10.     One such debt collector is defendant Bradley Financial Group ("Bradley"), which operates out of Atlanta, Georgia. In late September 2013, Plaintiff received a phone call on her cell phone from an individual claiming to be a "legal courier", calling on behalf of Bradley. The caller left a message on her Ms Campbell's voicemail stating that she was en route to Ms Campbell's home on the instructions of her client to serve her with "legal documents." The caller stated that she was making a "courtesy call" regarding the service and invited Ms Campbell to call 888-259-0625 for additional information. That number is the number used by Bradley.

11.     The statements in the phone message were false. Ms Campbell has not been sued by Bradley or any other entity regarding this debt and there was no "legal documents" which were due to be served on her.

12.     However, believing that she was being sued on a debt, Ms Campbell contacted Bradley at the number stated in the message. The collector insisted that Plaintiff owed additional

amounts on the Magnumz' loan. When she explained that the amounts had been paid in full and offered to provide the documentation, the collector told her that whatever was agreed with the other debt collectors was immaterial and that she owed an outstanding obligation in the amount of $337.00. The collector insisted that if she did not agree to make payments on the $337.00 that her wages would be garnished immediately.

13.     Believing that her wages would be garnished if she did not agree to make payments, Ms Campbell gave the representative her credit card information and agreed to a payment schedule of three payments. The first two payments were in the amount of $112.00 and, according to the schedule, were to be debited from her credit card account at the beginning of October and November 2013, respectively. The third payment was due to be debited in the amount of $113.00 on December 6, 2013.

14.     Shortly after this phone call, Ms Campbell met with an attorney. After that meeting, Ms Campbell contacted the Bradley by fax and U.S. Mail and withdrew her authorization for any payments to be made through her credit card account. Her letter, which was faxed and mailed to Bradley Financial Group, stated as follows:

> I was contacted by your office regarding a loan debt which I have paid in full. I told you this and sent you the paperwork showing that I paid the loan. You then called me and threatened legal action. Based on information and threats by you, which I now realize was false, I agreed to allow you to process payments from my credit card (VISA with account number ending in 9596). I DO NO OWE YOU ANY MONEY AND DO NOT WISH TO PAY YOU ANYTHING. I AM CANCELLING, EFFECTIVE IMMEDIATELY, MY AUTHORIZATION FOR YOU TO PROCESS ANY PAYMENTS. I WILL HOLD YOU LEGALLY RESPONSIBLE FOR ANY PAYMENTS PROCESSED BY YOU.
>
> Also, do not contact me about this debt. I do not owe and will not pay you.

4

15.     Immediately upon receipt of that dispute letter, "Kelly", a collector from Bradley

Financial Group, called Ms Campbell and left a lengthy voicemail message on her cell phone. That

message stated as follows:

> This is uh, Kelly from the Bradley Group. I just received your letter which I cannot
> understand. It's not verbally written correctly. Grammatical errors all over the page
> so I'm not really understanding what you're stating. But keep in mind we do have
> you on a recorded line and we're gonna go ahead and send it back out to legal and
> you can handle it from there. I'm not sure what your intentions are on the matter but
> I cannot understand your letter and you have to mail in a cease and desist to us. We
> do not receive cease and desists per FDCTA [sic] law. You would need to actually
> email that letter or you can email it to me at bkelly@**** infor.com. Otherwise I
> cannot understand any of the grammar .... grammatical errors and, I, I just can't
> understand the letter. So I'm not sure. We did not force you for this client
> information. You provided it and I listened to the recording line with the compliance
> manager. You willingly stated that you want to pay her but we're not going to
> jeopardize our company for $337.00 so we'll send it back out to legal. Okay. I wish
> you well. Have a great day Ms Campbell. Bye bye.

16.     This message is false characterization of Ms Campbell's dispute letter, her consumer

rights and Bradley's obligations under the FDCPA. Plaintiff's October 3rd letter unambiguously

states her dispute of the debt, her withdrawal of any authority to debit her credit card and her request

not to be contacted further by Bradley.   There were no material grammatical errors and no

obfuscation of any of those messages. Moreover, there is absolutely no aspect of the FDCPA which

would invalidate Ms Campbell's plainly worded cease and desist request.

17.     Ms Campbell's October 3rd letter constitutes a cease and desist request pursuant to

15 U.S.C. §1692c(c) and anyone reasonably informed of the FDCPA would know that Ms Campbell

effectively exercised her right to request no further contact.   Moreover, the collector's reference to

send the account "back to legal" is a clear threat to institute a legal action against Ms Campbell on

this debt in defiance of her dispute.   This is a threatened action which constitutes further attempts

to collect the alleged debt and threats to take action which Bradley has no intent or ability to undertake.

**COUNT ONE**
**(Fair Debt Collections Practices Act Violations)**

18.     Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

19.     This is a claim asserted against Defendant Bradley for multiple violations of the FDCPA, 15 U.S.C. § 1692 (the "FDCPA").

20.     Defendant Bradley is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6). The alleged debt which Bradley attempted to collect from Plaintiff is a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

21.     Defendant has violated the FDCPA in connection with its attempts to collect on an alleged consumer debt. Defendant's violations include, but are not limited to, the following:

A.     Engaging in communication with Plaintiff, the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt. This is a violation of 15 U.S.C. § 1692d.

B.     Making repeated attempts to collect upon a debt prior to notifying Plaintiff that she has the right to dispute the validity of the debt and the right to request written verification of the debt as required by 15 U.S.C. § 1692g(a);

C.     Attempting to collect amounts which are not authorized by any contract or permitted by law. This is a violation of 15 U.S.C. § 1692f(1);

D.     The use of false representation and/or deceptive means to collect or attempt to collect a debt. 15 U.S.C. § 1692e(10);

E.     Making attempts to collect, including threats of litigation and initiating litigation, on a debt which Defendant knew or should have known has no basis in law or fact. This is a violation of 15 U.S.C. § 1692f, 1692e(2)(A).

F.      Attempting to collect a debt by use of threats of future actions which Defendant could not take or had no intention of taking in violation of 15 U.S.C. § 1692e(5);

G.      Attempting to collect a debt by use of false, deceptive and/or misleading statements aimed at coercing the Plaintiff to pay the debt in violation of 15 U.S.C. § 1692e;

H.      Making the false representation or implication that Plaintiff is about to be served with legal process in connection with a debt. This is a violation of 15 U.S.C. § 1692e(12);

I.      Placement of telephone calls without meaningful disclosure of caller's identity in violation of 15 U.S.C. § 1692d(6);

22.     All of the actions taken by Bradley in violation of the FDCPA occurred within one year of the filing prior to this action.

23.     As a proximate result of Bradley's violations of the FDCPA, Plaintiff has suffered actual damages, including mental and emotional pain, distress and anguish, humiliation and embarrassment, as well as damages to her credit and reputation.

24.     As a result of its violations of the FDCPA, Defendant is liable to Plaintiff for compensatory damages, statutory damages, costs and attorneys fee, and for declaratory judgment that Defendant's conduct violated the FDCPA.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant Bradley for the following:

A.      Actual damages, including damages for mental and emotional pain, distress and anguish, humiliation and embarrassment, as well as damages to her credit and reputation;

B.      Statutory damages pursuant to 15 U.S.C. 1692k;

C.      Declaratory judgment that Bradley's conduct violated the FDCPA;

7

D.   Costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k;

E.   Such other and further relief as this Court deems just and proper, the premises considered.

## COUNT TWO
### (Negligence)

25.   Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

26.   The actions taken by the Defendant in attempting to collect the alleged debt against Plaintiff constitute negligence.  Plaintiff suffered damage as a proximate result of Defendant's negligence.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for negligence and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; plus interest and costs.  Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT THREE
### (Wantonness)

27.   Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

28.   The actions taken by the Defendant in attempting to collect the alleged debt against Plaintiff constitute wantonness.  Those actions were made with a wanton, reckless or conscious disregard for Plaintiff's rights and well-being.  Plaintiff suffered damage as a proximate result of Defendant's wantonness.

8

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for wantonness and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**COUNT FOUR**
**(Invasion of Privacy)**

29.     Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

30.     The actions taken by Bradley in repeatedly calling Plaintiff's cell phone and making false and unsubstantial threats to serve Plaintiff with legal process at her house constitute a wrongful invasion of Plaintiff's privacy. Defendants' actions caused wrongful intrusion which has disrupted and harmed Plaintiff in such a manner as to cause outrage, mental suffering, shame and humiliation to any person with ordinary sensibilities.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant Bradley for invasion of privacy and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered

**TRIAL BY JURY IS DEMANDED.**

KENNETH J. RIEMER (RIEMK8712)
Attorney for Plaintiff
Post Office Box 1206
Mobile, Alabama 36633
Telephone: (251) 432-9212
E-mail: kjr@alaconsumerlaw.com

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:**

Bradley Financial Group
3577 Chamblee Tucker Road
Suite 268
Atlanta, GA 30341

10