IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**EVELYN CAMPBELL**, )
)
    Plaintiff, )
)
vs. ) CIVIL ACTION NO. 13-604-CG-N
)
**BRADLEY FINANCIAL GROUP**, )
)
    Defendant. )

## ORDER

This matter is before the court on plaintiff's motion for default judgment. (Doc. 12). Default has previously been entered against defendant, Bradley Financial Group. (Doc. 10). Because defendant has not appeared, it is not entitled to notice of the pending motion. FED. R. CIV. P. 55(b)(2). The complaint reflects the existence of federal question jurisdiction as plaintiff asserts claims under the Federal Debt Collections Practices Act (FDCPA). (Doc. 1, ¶¶ 1, 18-24).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact.... A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." Nishimatsu Construction Co. v. Houston National Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, "a default judgment cannot stand on a complaint that fails to state a claim." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1371 n.41 (11th Cir. 1997). Rather, "before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations of the complaint ... actually state a cause of

action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Tyco Fire & Security, LLC v. Alcocer, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (emphasis in original).

**A. Claims Asserted**

In the complaint, plaintiff details allegations concerning collection efforts relating to two loans that she obtained in 2009 that she thought she paid off in full shortly thereafter. (Doc. 1, ¶¶ 4-5). Plaintiff reports that she was subsequently contacted by a collection agency and she paid additional amounts and received letters stating that they had been paid in full. (Doc. 1, ¶¶ 5-7). However, plaintiff continued to receive calls from collection agencies. (Doc. 1, ¶¶ 9-10). The complaint details calls plaintiff reportedly received from the defendant making false statements that she still had an outstanding obligation, that she was being sued and would be served, and that her wages would be garnished immediately. (Doc. 1, ¶¶ 10-12). Plaintiff told defendant that she had already paid the loans in full, but defendant insisted that plaintiff owed money and that her wages would be garnished, so plaintiff agreed to three payments from her credit card. (Doc. 1, ¶¶ 12, 13). Plaintiff sent a letter informing defendant that the obligation was paid in full and demanding that defendant not process the last payment; nor contact her about the debt. (Doc. 1, ¶ 14). Defendant thereafter left a voicemail on plaintiff's phone stating that plaintiff's letter could not be understood because of grammatical errors and that they had recorded her agreement to make the payment and would "send it back out to legal." (Doc. 1, ¶ 15).

The complaint asserts four counts. Under Count One of the complaint (Doc. 1), plaintiff alleges that the defendant is a "debt collector" as defined by the FDCPA and that defendant in connection with its attempts to collect a debt violated the FDCP in the following ways:

- A. Engaging in communication with Plaintiff, the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt. This is a violation of 15 U.S.C. § 1692d.

- B. Making repeated attempts to collect upon a debt prior to notifying Plaintiff that she has the right to dispute the validity of the debt and the right to request written verification of the debt as required by 15 U.S.C. § 1692g(a);

- C. Attempting to collect amounts which are not authorized by any contract or permitted by law. This is a violation of 15 U.S.C. § 1692f(l);

- D. The use of false representation and/or deceptive means to collect or attempt to collect a debt. 15 U.S.C. § 1692e(10);

- E. Making attempts to collect, including threats of litigation and initiating litigation, on a debt which Defendant knew or should have known has no basis in law or fact. This is a violation of 15 U.S.C. § 1692f, 1692e(2)(A).

- F. Attempting to collect a debt by use of threats of future actions which Defendant could not take or had no intention of taking in violation of 15 U.S.C. § 1692e(5);

- G. Attempting to collect a debt by use of false, deceptive and/or misleading statements aimed at coercing the Plaintiff to pay the debt in violation of 15 U.S.C. § 1692e;

- H. Making the false representation or implication that Plaintiff is about to be served with legal process in connection with a debt. This is a violation of 15 U.S.C. § 1692e(12);

- I. Placement of telephone calls without meaningful disclosure of caller's identity in violation of 15 U.S.C. § 1692d(6);

(Doc. 1, ¶ 21). Under Count One, plaintiff seeks 1) "actual damages, including for mental and emotional pain, distress and anguish, humiliation and embarrassment, as well as damages to her credit and reputation;" 2) statutory damages pursuant to 15 U.S.C. 1692k; 3) a declaration that defendant's conduct violated the FDCPA; and 4) costs and reasonable attorneys fees pursuant to § 1692k. (Doc. 1, pp. 7-8). The court finds that plaintiff has stated a valid claim under Count One.

In Counts Two and Three the complaint asserts claims for negligence and wantonness. (Doc. 1, ¶¶ 25-28). The complaint avers that defendant's actions in attempting to collect the alleged debt against plaintiff constitute negligence and wantonness. (Doc. 1, ¶¶ 26, 28). Plaintiff alleges that the actions "were made with a wanton, reckless or conscious disregard for Plaintiff's rights and well being" and that plaintiff suffered damages as approximate result of defendant's negligence and wantonness. (Doc. 1, ¶¶ 26, 28). Under Counts Two and Three, plaintiff seeks compensatory damages plus interest and cost as well as punitive damages under the wantonness claim. (Doc. 1, pp. 8, 9).

"To establish negligence, [a] plaintiff must prove: (1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury." Martin v. Arnold, 643 So.2d 564, 567 (Ala. 1994) (citation omitted). "To establish wantonness, [a] plaintiff must prove that the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty. To be actionable, that act or omission must

4

proximately cause the injury of which the plaintiff complains." Martin v. Arnold, 643 So.2d 564, 567 (Ala. 1994). This court has previously found similar claims to be viable and the court finds that plaintiff has stated valid claims for negligence and wantonness. See e.g. Samuels v. Midland Funding, LLC, 921 F.Supp.2d 1321, 1337 (S.D. Ala. 2013); but cf Prickett v. BAC Home Loans, 946 F.Supp.2d 1236, 1244 (N.D. Ala. 2013) (mortgage case alleging FDCPA violations as well as negligence and wantonness, the court found that Alabama law does not recognize a cause of action for negligent or wanton mortgage servicing because "a negligent failure to perform a contract … is but a breach of the contract" citations omitted).

As to Count Four, the complaint states that defendant's actions "in repeatedly calling Plaintiff's cell phone and making false and unsubstantial threats to serve Plaintiff with legal process at her house constitute wrongful invasion of Plaintiff's privacy" and have "caused wrongful intrusion which has disrupted and harmed Plaintiff in such a manner as to cause outrage, mental suffering, shame and humiliation to any person with ordinary sensibilities." (Doc. 1, ¶ 30). Under Count Four, plaintiff seeks compensatory damages, punitive damages, plus interest and costs. The court finds that plaintiff has stated a claim of invasion of privacy. See Moore v. Dynamic Recovery Services, Inc., 2014 WL 507384, *4 (N.D. Ala. Feb. 6, 2014) ("The tort of invasion of the right of privacy, insofar as it applies to actions of a creditor in regard to his debtor, is 'the wrongful intrusion into one's private activities in such manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities. There is no question that the mere

efforts of a creditor ... to collect a debt cannot without more be considered a wrongful and actionable intrusion. A creditor has and must have the right to take reasonable action to pursue his debtor and collect his debt. However, [w]here the creditor takes actions which exceed the bounds of reasonableness ... the debtor has an action against the creditor for injuries suffered." (internal quotations and citations omitted)).

The Court may not enter default judgment against an infant or incompetent unless appropriately represented in the action. FED. R. CIV. P. 55(b)(2). Further, as to any civil action in which the defendant does not make an appearance, "the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit" addressing the defendant's military status. 50 U.S.C. app. § 521(a), (b). Because defendant Bradley Financial is a corporation (Doc. 1, ¶ 3), it cannot be a minor, an incompetent, or a member of the armed forces. GlobeNet Metals, LLC v. Fidelity Oil Field Services, LLC, 2013 WL 5529607, *1 (S.D. Ala. Oct. 7, 2013) (citations omitted). Accordingly, there is no need for such averment and the court finds that default judgment is appropriate on plaintiff's claims.

**B. Damages**

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." FED. R. CIV. P. 54(c). In the instant case, the current motion seeks the same kinds of relief demanded in the complaint's prayer for relief and since no amounts were specified in the complaint,

the amounts currently sought to not exceed the amounts prayed for. The plaintiff's requested default judgment thus does not violate Rule 54(c).

"While well-pleaded facts in the complaint are deemed admitted, plaintiff's allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and the character of damages." Capitol Records v. Carmichael, 508 F. Supp. 2d 1079, 1084 n.4 (S.D. Ala. 2007); see also Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court [on entering default judgment] has an obligation to assure that there is a legitimate basis for any damage award it enters ...."); Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985) (on default judgment, "[d]amages may be awarded only if the record adequately reflects the basis for award ..."); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688 at 58-59 (3rd ed. 1998) ("If the court determines that [the] defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). Thus, the mere granting of default judgment does not establish the plaintiff's entitlement to any quantum of damages.

A hearing to establish damages is not universally required. None is needed "where all essential evidence is already of record … such that any additional evidence would be truly unnecessary to a fully informed determination of damages." Securities and Exchange Commission v. Smyth, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

7

Plaintiff motion for default judgment seeks a total judgment in the amount of $49,175 consisting of: 1) statutory damages in the amount of $1,000, 2) actual damages for mental anguish in the amount of $15,000, 3) punitive damages in the amount of $30,000.00, 4) attorney's fees in the amount of $2,775 and 5) costs in the amount of $400. Plaintiff submitted affidavits to support the above damages. (Docs. 12-1, 12-2).

**1. Statutory Damages**

Under the FDCPA, creditors who violate the Act are liable for any actual damage sustained as a result and for additional damages "as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(1)-(2)(A). In assessing statutory damages, a district court considers: "the frequency and persistence of noncompliance by the debt collector, the nature of such non-compliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). In the instant case the number of calls reported by plaintiff are few, but the nature of the calls was egregious. The reported calls were intimidating and demanding and appear to have been intentional. Thus, the court finds that a $1,000 additional statutory damage is appropriate.

**2. Actual Damages**

"Actual damages under the FDCPA include damages for emotional distress." Minnifield v. Johnson & Freedman, LLC, 448 F. App'x 914, 916 (11th Cir. 2011). The court notes that "[d]amages for mental anguish are not recoverable for negligence except when the plaintiff has suffered a physical injury as a result of the

negligent conduct or was placed in an immediate risk of physical injury by that conduct." Brown v. First Fed. Bank, 95 So.3d 803, 818 (Ala. Civ.App. 2012) (citation omitted). Plaintiff has not alleged that she suffered any physical injury or was placed in immediate risk of physical injury as a consequence of defendant's alleged negligence. However, "the wantonness claim does not require physical injury to permit a recovery for damages for mental anguish." Gustin v. Allied Interstate LLC, 2014 WL 1923735, *9 n. 16 (N.D. Ala. May 13, 2014) (citing Brown, 95 So.3d at 818). Additionally, a plaintiff may recover under the FDCPA for mental anguish without pecuniary or physical damages. Gibson v. Rosenthal, Stein, and Associates, LLC, 2014 WL 2738611, *2 (N.D. Ga. June 17, 2014) (citation omitted). "A plaintiff's credible testimony alone can support emotional distress actual damages." Randolph v. Northeast Legal Group, LLC, 2014 WL 2819122, *7 (N.D. Ala. May 23, 2014); but see Titus v. Commercial Recovery Systems, Inc., 2014 WL 55016, *2 (M.D. Fla. Jan. 7, 2014) (denying award of actual damages where plaintiff provided only a "blanket statement that she suffered mental anguish" and "failed to supply any competent evidence, such as medical records or expert testimony" … or even provide an elaboration as to the negative effects she experienced as a result of Defendant's actions."). In the instant case, plaintiff does not provide any supporting evidence but states that before she met with an attorney she "feared that some type of legal action was being taken against me." (Doc. 19-1, ¶ 5). Plaintiff admits that "it is difficult to put a number on what I went through" but states that she believes $15,000 would be a fair amount of damages for the mental anguish this has caused

9

her. (Doc. 19-1, ¶ 7). While plaintiff has not fully elaborated on how the phone calls affected her, given the threatening tone of the calls and the fact that plaintiff gave in to the defendant's ploys and submitted payments that were not due, the court finds that plaintiff has demonstrated a reasonable basis for an award of actual damages of $15,000.

### 3. Punitive Damages

Plaintiff seeks punitive damages in the amount of $30,000 under her wantonness claim. This court has previously explained the propriety of punitive damages as follows:

> It is hornbook law that "the purpose of punitive damages is not to compensate the plaintiff but to punish the wrongdoer and to deter the wrongdoer and others from committing similar wrongs in the future." Green Oil Co. v. Hornsby, 539 So.2d 218, 222 (Ala.1989). Under Alabama law, "[p]unitive damages must be supported by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff." Liberty Nat'l Life Ins. Co. v. Sanders, 792 So.2d 1069, 1078 (Ala.2000) (citation and internal quotation marks omitted). A finder of fact awarding punitive damages must, in fixing the amount, "take into consideration the character and degree of the wrong as shown by the evidence in the case, and the necessity of preventing similar wrongs." Alabama Pattern Jury Instructions-Civil (2nd ed.), § 11.03. Alabama courts have authorized the award of punitive damages in various circumstances of intentional tort, fraud and conversion.

Pennsylvania Nat. Mut. Cas. Ins. Co. v. Edmonds, 2010 WL 761332, *7 (S.D. Ala. March 3, 2010) (footnote omitted). The clear and convincing evidence in this case shows that defendant intentionally intimidated and threatened plaintiff using false or misleading statements to get plaintiff to make payments on a debt that she did not owe. Under the circumstances, the court finds that an award of punitive

10

damages is reasonable and appropriate in this case to punish the wrongdoer and to deter similar misconduct in the future. The court agrees that the $30,000 award requested by plaintiff is justified, in light of the character and degree of the wrong, and the necessity of preventing similar wrongs.

**4. Attorney's Fees**

Because Plaintiff is entitled to recover on her FDCPA claim, she is also entitled to an award of costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3). The starting point in any "reasonable fee" determination is the number of hours reasonably expended on the litigation multiplied by the reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The product of these two figures is the lodestar and there is a "strong presumption" that the lodestar is the reasonable sum the attorneys deserve. Bivens v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008).

In the instant case, plaintiff seeks attorney's fees in the amount of $2,775. Plaintiff's counsel submitted an affidavit reporting that he worked 11.1 hours. (Doc. 11-2). Counsel points out that this court previously determined in another FDCPA case, that a reasonable hourly rate for his services was $250 per hour. See Dempsey v. Palisades Collection, Inc., 2010 WL 923473, *4 (S.D. Ala. March 11, 2010). The court, upon review of the case, finds that the number of hours and rate requested are reasonable. Accordingly, plaintiff is entitled to $2,775 in attorney's fees.

**5. Costs**

The plaintiff represents that she has incurred $400 in filing fees. Pursuant to Section 1692k(a)(3) of Title 15, the plaintiff is awarded the $400 in costs.

## CONCLUSION

For the reasons stated above, the motion of plaintiff, Evelyn Campbell for default judgment. (Doc. 12), is **GRANTED** and judgment shall be entered by separate order.

**DONE** and **ORDERED** this 9th day of July, 2014.

>  /s/  Callie V. S. Granade
> UNITED STATES DISTRICT JUDGE